IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br>v.<br><br>MICHAEL EMMANUEL ESPINOSA,<br><br>                Defendant. | **MEMORANDUM DECISION AND ORDER DENYING [78] MOTION FOR CREDIT FOR TIME SERVED**<br><br>Case No. 2:12-CR-662-DN-2<br><br>District Judge David Nuffer |

Defendant Michael Emmanuel Espinosa seeks a *nunc pro tunc* order granting him credit against his sentence for time served during his pretrial detention.[1] Because Mr. Espinosa's pretrial detention occurred pursuant to a writ of habeas corpus *ad prosequendum* and because the State of Utah granted credit against Mr. Espinosa's state court sentence for this time, he is not entitled to a credit against his sentence in this matter. Mr. Espinosa's Motion for Credit for Time Served is therefore DENIED.

## BACKGROUND

On September 20, 2012, Mr. Espinosa was arrested and placed in custody by the State of Utah.[2] On October 24, 2012, Mr. Espinosa was indicted in this matter on one count of possession of methamphetamine with intent to distribute under 21 U.S.C. § 841(a)(1).[3] Mr. Espinosa remained in state custody until October 30, 2012, when he was brought before Magistrate Judge

---

[1] *See* Motion to Request a Nunc Pro Tunc Credit Time Served Designation and Final Disposition by a Person in Federal Custody ("Motion for Credit for Time Served"), docket no. 78, filed Nov. 13, 2015.

[2] *See id*. at 1; Government's Response to Defendant's Motion for Credit for Time Served ("Government's Response") at 1, docket no. 89, filed Mar. 23, 2016.

[3] *See* Indictment, docket no. 1, filed Oct. 24, 2012.

Brooke C. Wells for an initial appearance.[4] This occurred through a writ of habeas corpus *ad prosequendum*.[5]

On May 7, 2013, Mr. Espinosa pled guilty to the possession with intent to distribute charge.[6] Mr. Espinosa was then sentenced on July 31, 2013, to 78 months imprisonment followed by 48 months of supervised release pursuant to a Rule 11(c)(1)(C) plea agreement ("Federal Sentence").[7] Mr. Espinosa's Federal Sentence was silent as to whether it would run concurrent with or consecutive to Mr. Espinosa's state court sentences.[8]

Mr. Espinosa remained in federal custody through his sentencing, and on August 12, 2013, was transported back to the Utah State Prison to complete his state court sentences, which included a parole revocation sentence stemming from his September 20, 2012 arrest.[9] On October 15, 2013, the State of Utah terminated Mr. Espinosa's state court sentences and released him into federal custody to serve his Federal Sentence.[10] The State of Utah credited all of the time Mr. Espinosa spent incarcerated from September 2012 through October 2013 against his state parole revocation sentence.[11]

---

[4] *See* Minute Entry for Proceedings held before Magistrate Judge Brooke C. Wells, docket no. 8, Oct. 30, 2012.

[5] *See* Writ of Habeas Corpus ad prosequendum, docket no. 6, filed Oct. 25, 2012.

[6] *See* Minute Entry for Proceedings held before Magistrate Judge Evelyn J. Furse, docket no. 30, May 7, 2013; Felony Information, docket no. 28, filed May 7, 2013.

[7] *See* Minute Entry for Proceedings held before Judge David Nuffer, docket no. 50, July 31, 2013; Judgment in a Criminal Case at 2-3, docket no. 54, filed Aug. 6, 2013.

[8] *See* Minute Entry for Proceedings held before Judge David Nuffer, docket no. 50, July 31, 2013; Judgment in a Criminal Case, docket no. 54, filed Aug. 6, 2013.

[9] *See* Motion for Credit for Time Served at 1.

[10] *See id.*; Government's Response at 1.

[11] *See* Motion for Credit for Time Served at 1; Government's Response at 1.

Mr. Espinosa now seeks a *nunc pro tunc* order granting credit against his Federal Sentence for the time he served during his pretrial detention, *i.e.*, from "October, 2012 to October, 2013 or by at least from May, 2013 to October, 2013."[12]

## DISCUSSION

"The computation of a federal sentence requires consideration of two separate issues."[13] "Initially, [the court will] determine the commencement date of the federal sentence and then turn to the extent to which a defendant can receive credit for time spent in custody prior to commencement of sentence."[14] A federal sentence of imprisonment commences "on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served."[15] Therefore, "[a] federal sentence does not commence until a prisoner is actually received into federal custody for that purpose."[16] Credit against a federal sentence of imprisonment is given "for any time [the defendant] has spent in official detention prior to the date the sentence commences--(1) as a result of the offense for which the sentence was imposed; or (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed; *that has not been credited against another sentence*."[17]

The State of Utah, not the federal government, was the first to take Mr. Espinosa into custody following his September 20, 2012 arrest. The State of Utah therefore had primary

---

[12] Motion for Credit for Time Served at 3.

[13] *Binford v. United States*, 436 F.3d 1252, 1254 (10th Cir. 2006).

[14] *Id.*

[15] 18 U.S.C. § 3585(a).

[16] *Binford*, 436 F.3d at 1255.

[17] 18 U.S.C. ¶ 3585(b) (emphasis added).

custody of Mr. Espinosa and the right to maintain or relinquish control of him.[18] Because the federal government took only temporary custody of Mr. Espinosa under a writ of habeas corpus *ad prosequendum*, the State of Utah was entitled to Mr. Espinosa's return after his federal sentencing under the law of comity and the requirements of the writ.[19] This occurred on August 12, 2013, when Mr. Espinosa was transported back to the Utah State Prison to complete his state court sentences. Accordingly, Mr. Espinosa's Federal Sentence did not commence until October 15, 2013, when the State of Utah terminated his state court sentences and released him into federal custody.[20]

Because Mr. Espinosa's Federal Sentence did not begin to run until October 15, 2013, and because Mr. Espinosa received credit against his state parole revocation sentence for all of the time he spent incarcerated from September 2012 through October 2013, he is not entitled to credit against his Federal Sentence for the time of his pretrial detention. "That is because [a defendant] is not entitled to double credit."[21] Additionally, because Mr. Espinosa's Federal Sentence was silent as to whether it would run concurrent with or consecutive to his state court sentences, "a statutory presumption [wa]s triggered; multiple sentences imposed at different times—even as between state and federal sentences—run consecutively."[22] Mr. Espinosa therefore is not entitled to credit against his Federal Sentence for the time of his pretrial detention on the basis of concurrent sentencing. Accordingly, Mr. Espinosa is not entitled to the relief requested in his Motion for Credit for Time Served.[23]

---

[18] *See Newman v. Cozza-Rhodes*, 526 Fed.Appx. 818, 821 (10th Cir. 2013).

[19] *See id.*

[20] *See* 18 U.S.C. § 3585(a); *Binford*, 436 F.3d at 1255.

[21] *Newman*, 526 Fed.Appx. at 822 (citing 18 U.S.C. § 3585(b)).

[22] *Id.* (citing 18 U.S.C. § 3584(a)).

[23] *See* Motion for Credit for Time Served.

## ORDER

IT IS HEREBY ORDERED that Mr. Espinosa's Motion for Credit for Time Served[24] is DENIED.

Signed April 12, 2016.

BY THE COURT

District Judge David Nuffer

---

[24] *See id.*